ORIGINAL

GEORGE K. YOUNG, JR.
1083 Apono Place
Hilo, Hawaii 96720
Tel: (808) 895-1735
E-mail: Yorozuyo@aol.com

*Pro Se*

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

DEC 02 2008

at ‖ o'clock and 3 ꞵmin ᴀ M.
SUE BEITIA, CLERK

# IN THE UNITED STATES FEDERAL DISTRICT COURT

# FOR THE DISTRICT OF HAWAII

GEORGE K. YOUNG, JR.

*Pro Se* – PLAINTIFF

v.

State of Hawaii; Mark J. Bennett
in his individual capacity; County
of Hawaii; Lawrence K. Mahuna
in his individual capacity;  John
Does 1-25; Jane Does 1-25; Corp-
Orations 1-5; and Doe Entities 1-5

**DEFENDANTS**

CIVIL NO. **CV08   00540 DAE KSC**

**COMPLAINT FOR DAMAGES;
SUMMONS**

42 U.S.C. 1983
42 U.S.C. 1985
42 U.S.C. 1986

No trial date set.

1

## COMPLAINT

This is an action pursuant to:

    (1) Title 42 U.S.C. 1983, Civil action for Rights.

    (2) Title 42 U.S.C. 1985, Conspiracy to interfere with civil rights.

    (3) Title 42 U.S.C. 1986, Action for neglect to prevent.

## PARTIES

1. **Plaintiff – Pro Se:** George K. Young, Jr., a citizen of the United States of America and legal resident of the States of Hawaii, who presently resides at 1083 Apono Place, Hilo, Hawaii 96720, Telephone: (808) 895-1735.

2. **Defendant:** State of Hawaii whose present place of official activity is State Capitol, Room 415, Honolulu, Hawaii 96813.

3. **Defendant:** Mark J. Bennett in his individual capacity, and is presently employed as the Hawaii State Attorney General and whose present address of employment is 425 Queen Street, Honolulu, Hawaii 96813, Tel: (808) 586-1239.

3. **Defendant:** County of Hawaii whose present place of employment is 25 Aupuni Street, Hilo, Hawaii 96720, Tel: (808) 961-2347.

4. **Defendant:** Lawrence K. Mahuna in his individual capacity, and is presently employed as the County of Hawaii's Chief of Police, whose present address of

2

employment is 349 Kapiolani Street, Hilo, Hawaii 96720, Tel: (808) 935-2244.

3. **Defendant:** John Does 1-25, Jane Does 1-25, Doe Business Entities 1-5 and Doe Non-Profit Entities 1-5 (hereinafter "Doe Defendants") are sued herein under fictitious names for the reason that their true names and capacities presently are unknown to **Plaintiff** except that they are connected in some manner with the named **Defendants** as agents, servants, employees, representatives, assignors, assignees, licensees, contractors, and sub-contractors and/or in some manner presently unknown to **Plaintiff** were engaged in the activities alleged herein. **Plaintiff** will amend his complaint or identify the **Doe Defendants** at such time as their true names and capacities become known. The **Doe Defendants** are to be sued herein their personal and or official capacities.

## JURISDICTION

This court has jurisdiction and seeks relief pursuant to:

a. **United States Constitution, Article III, Section 2.**

b. **42 U.S.C. 1983, Civil Actions for Rights.**

c. **42 U.S.C. 1985, Conspiracy to Interfere with Civil Rights.**

d. **42 U.S.C. 1986, Action for Neglect to Prevent.**

e. **28 U.S.C. 1331, Federal Question:** "The district court shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

f. **28 U.S.C. 1343, Civil Rights and Elective Franchise:** "The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person: (1), (2), (3), (4)."

## VENUE

Venue is proper in this court for the District of Hawaii under **28 U.S.C. 1391: Venue Generally.** All of the events and or omissions described herein occurred within the State of Hawaii.

## STANDING

**Plaintiff** has standing as a citizen of the United States of America, with legal residence within the State of Hawaii and is seeking legal refuge and relief within the Constitution of the United States of the following:

*"...Where threatened government action is concerned, a Plaintiff is not required to expose himself to liability before bringing suit to challenge the basis for the*

*threat. His own action (or inaction) in failing to violate the law eliminates the imminent threat of prosecution, but nonetheless does not eliminate Article III jurisdiction because the threat-eliminating behavior was effectively coerced. Similarly, where the plaintiff's self-avoidance of imminent injury is coerced by the threatened enforcement action of a party rather than the government, lower federal and state courts have long accepted jurisdiction. ...* "<u>*(Medimmune, Inc.*</u> <u>*v. Genetech, Inc., et al., 549 U.S.    (January 9, 2007).*</u>

**Plaintiff**, who is a law abiding, tax paying, and honorably retired combat veteran, who is not a prohibited or a disqualifying person pursuant to Hawaii Revised Statute 134-7, applied for either a concealed or unconcealed carry license of a firearm for personal use in the event of a constitutional act of self-defense and was denied through the enforcement of an unconstitutional statute found in Hawaii Revised Statute 134. **Plaintiff,** was effectively coerced, under threat of arrest and prosecution, to **<u>inaction</u>** to not exercise his constitutional right to bear arms for the lawful constitutional purpose of personal self-defense. **"The criterion of constitutionality is not ...whether we believe the law to be for the public good." (<u>Oliver Wendell Holmes, Jr., Associate Justice of the U.S. Supreme Court.</u>)**

1. **U.S. Constitution, Amendment II: "A well-regulated militia being necessary to the security of a free state, the Right of the People to keep and bear arms shall not be infringed."** The second amendment is an **enumerated, fundamental, individual constitutional right and VIOLATIONS of said right must be reviewed by the courts under STRICT SCRUITNY basis. (District of Columbia v. Heller, 128 S. Ct. 2783 (June 2008).** The Second Amendment is not a privilege or benefit bestowed by the state. The privilege in question exists apart from state authority. It is guaranteed the people by the federal constitution.

2. **U.S. Constitution, Article I, Section 10 (in part): "...No State shall ...pass any Bill of Attainder...".** H.R.S. 134 is a Bill of Attainder as its purpose is to single out and identify a category of particular persons within society, as having a right or entitlement to "...bear arms...", such as the granting a right for carrying a concealed firearm in the State of Hawaii by a qualified active or retired law enforcement officers" pursuant to 18 United States Code Sub-section 926B, to whom the state does not recognize any official connection with law enforcement and they are to be treated as civilians; and to those who are "...engaged in the protection of life and property..."; and yet, readily deny the ordinary constituent his or her enumerated constitutional right to bear arms without legal documented probable cause. This denial of a constitutionally protected right, at the unilateral

whim of a single county employee, and condoned and advocated by the immediate governing administration, Hawaii County, is non-judicial punishment of withholding a Right to enjoy the benefits of said Right.  H.R.S. 134 denies PLAINTIFF full access and enjoyment to his enumerated constitutional and individual "**property...**" without the  benefit of  "**due process**" afforded through the Fourteenth Amendment.

"It thus becomes apparent that the lack of written standards in the license-issuing "practice" renders that "practice" a **prior restraint in contravention of the Fourteenth Amendment's "...privileges and immunities clause;** and **the complete arbitrary and discriminatory refusal to grant the permits was a DENIAL OF EQUAL PROTECTION.  (P. 273, (Niemotko v. Maryland, 340 U.S. 268 (1951)).** "...In fact, an ordinance which clothes a single individual with such power hardly falls within the domain of law, and we are constrained to pronounce it **INOPERATIVE and VOID." (Yick Wo v. Hopkins, 118 U.S. 356 (1886).**

3. **U.S. Constitution Article I, Section 10 (in part):** "...**No state** shall ...pass any ...law **impairing the obligation of contracts...".**  The Constitution of the United States is a valid **executory contract (Fletcher v. Peck, 6 Cranch 87;**

**Trustees of Dartmouth College v. Woodward, 17 U.S. (4Wheat.) 518 (1819); McCulloch v. Maryland, 17 U.S. 316 (1819))** between "we the people", exercising their individual sovereign right to cast one vote and the national federal government that "we the people" have ordained and established... .

State legislative bodies were not part of the ratifying process other than introducing the proposed constitution to the "people". The State legislative bodies could not affirm or deny the ratification process. Therefore, there are only two parties to the contract of the United States Constitution, the national federal government "we the people created" and the individual citizens of these United States of America, who have exercised their individual sovereign authority to cast one vote. **(McCulloch v. Maryland, 17 U.S. 316 (1819), Chief Justice John Marshall)**

"Plaintiff asserts the view that the Second Amendment **grants a right** to the people, not to the States." **(Young v. Hawaii) (This court has once again demonstrated its propensity to deviate from the truth by incorrectly quoting Plaintiff. Plaintiff stated, with specificity, "...that the United States Consitution preserves, protects and defends the individual's PRE-EXISTING right to bear arms.)** He argues that the Second Amendment limits the actions of the States in addition to those of Congress enshrining the right to bear arms for the defense of the individual and their family, as well as to assist in the common

8

defense through a well-regulated militia." *(YOUNG v. HAWAII, 548 F.Supp.2d 1166 (D. Hawaii March 11, 2008).* (…hereinafter referred to as **Young v. Hawaii**) The aforementioned claim for standing, which was incompetently and erroneously dismissed by this court, without a judicial hearing; it's illogical conclusion was based upon unsubstantiated and speculative past judicial interpretation, that has now been rightfully corrected, adjudicated, confirmed, incorporated, and enumerated into the U.S. Constitution's Bill of Rights, and **it is a constitutionally protected, under the "privileges and immunites" clause of the Fourteenth Amendment, individual right, to which is attached the incontestable individual constitutional collary right of self-defense,** to which the lower courts are now compelled to view Second Amendment cases under **"strict scrutiny"** analysis. *(Washington, D.C. v. Heller, 128 S.Ct. 2783 (2008)).*


**United States v. Cruikshank, 92 U.S. 542, 553;  Presser v. Illinois, 116 U.S. 252, 264-265,** does not refute the individual rights interpretation.  **United States v. Miller, 307 U.S. 174,** does not limit the right to keep and bear arms to militia purposes…**(Syllabus, Washington, D.C. v. Heller, 128 S.Ct. 2783 (2008))**


The illogical and unreasonable fictional myth of **United States v. Miller, 307 U.S. 174,** having been exposed for what it is, renders Ninth Circuit Court of Appeals'

**Hickman v. Block, 81 F.3d 98 (9th Cir. 1996)** ; **Silveira v. Lockyer, 312 F.3d. 1052 (9th Cir. 2002)**; and **Nordyke v. King, 229 F.3d. 1266, 1267 (9th Cir. 2000)** irrelevant and moot.

4. U.S. Constitution, Article VI, Clause 2: "The Constitution and the Laws of the United States which shall be made Pursuant thereof …**shall be the Supreme Law of the Land; and the Judges in every state shall be bound thereby, any thing in the Constitution or Laws of any State to the Contrary notwithstanding."** The State of Hawaii, the State Attorney General Mark J. Bennett, the County of Hawaii, and the Hawaii County Chief of Police Lawrence K. Mahuna, operate and function under the incorrect, unlawful, and now, unconstitutional perception that the Second Amendment belongs "…to the State alone." **(Young v. Hawaii).**

5. U.S. Constitution, Amendment V (in part): "No person shall …be deprived of **life, liberty or property, without due process of law."** State of Hawaii and H.R.S. 134 denies PLAINTIFF the free exercise of free conscious thought and to decide, independently, whether or not to prepare for defense of one's self as found in the Second Amendment. Standing to sue is established by the existence of an arguably unconstitutional State statute law, and Plaintiff's abstention from conduct in order to avoid violating it. This act has the desirable function of invalidating unconstitutional laws without requiring the challenging party to risk conviction,

and reducing the risk that such a law, if unenforced, would distance legitimate

conduct **while remaining beyond review.** In other words, the law in question,

which threatens criminal prosecution, effectively coerced "**inaction**" on the part of

Plaintiff to not exercise an individual constitutionally protected right.


6. U.S. Constitution, Amendment IX: "The enumeration in the Constitution of

certain rights, shall not be construed to **deny** or **disparage** others retained by the

people. It is with specificity that among the peripheral rights to **"...life..."** is the

**right to self-preservation** to which is created the right to preparation in readiness

of self-defense. If there is no prior defensive preparation or readiness, there can be

no meaning to the act of self-defense. H.R.S. 134-9 in part: "...in exceptional

cases..."; or "...is engaged in protection of life or property..." the Chief of Police

may issue a license.... There is no standard list of "...exceptional cases"; or clear

definition of "is engaged..", which implies that individuals **must** be employed to be

able to protect and defend other persons or property, but prohibited, by law, to take

action to prepare to protect one's self. The state readily admits to using police

powers, under the Tenth Amendment, to deny the rights belonging to individual

citizens.

7. Quoted in part: **U.S. Constitution, Amendment XIV, Section I: "…No State shall make or enforce any law which shall abridge the privileges and immunities of citizens of the United States. …"**

In the case of **D.C. v. Heller**, the Federal Circuit Court of Appeals for the District of Columbia, reviewed **D.C. v. Heller** as an appeal under **42 U.S.C. 1983.** Therefore, the United States Supreme Court in order to address the issue and question at hand had to first determine if the Second Amendment was one of the "rights, privileges and immunities" addressed under **42 U.S.C. 1983. Plaintiff** is well aware of the following, contrary to this court claims that **Plaintiff** assumes that **1983** grants rights, to which **Plaintiff** does not assume:

**a. The law (in part, Amendment XIV) "…No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States…". (In part, Amendment II) "…the right of the people to keep and bear arms SHALL NOT BE INFRINGED."**

**b. The conduit, by which a Plaintiff can bring legal action is 42 U.S.C. 1983.**

**c. The act through which relief can be found is through "…due process of law…". (in part: Amendment XIV)**

12

8. Quoted in part: **U.S. Constitution, Amendment XIV, Section I:** **"...nor shall any state deprive any person of life, liberty, or property, without due process of law...".** The "...right to keep and the right to bear arms..." are individual property rights, belonging to **Plaintiff.**

9. Quoted in part: **U.S. Constitution, Amendment XIV, Section I:** **"...nor deny to any person within its jurisdiction the equal protection of the laws."**

## SUBSTANCE OF ACTION

"Propriety of state law to authorize constitutional invasion by a state sub-agency (County of Hawaii) and by a county employee, who is not a member of the state executive branch, legislative body or judicial branch of government. Nor is said individual a recognized "constitutional" official. The controversy at hand lies in the question of Hawaii statutory law and how the state legislative body is able to lawfully **"delegate" discretionary authority, which is arbitrary and capricious, to a subordinate individual, who is a county employee, to deny or prohibit** the exercise, benefit and enjoyment of a fundamental, enumerated, individual, and constitutionally protected right, without due process of law, when the whole of the state legislature themselves do not possess such power or authority, to deny or

prohibit?  If the state legislative body lacks the power and authority to deny, or

prohibit a citizen of the United States, or to require an unlawful or unreasonable

pre-qualifying modifier to an enumerated, individual, constitutionally protected

right, to a law abiding, tax paying citizen of the United States, then in essence,

Hawaii Revised Statute 134 is unconstitutional.  It is clearly and openly

demonstrated that there is a working conspiracy, between the State Attorney

General's office, the State legislative body, the County of Hawaii and the Chief of

Police to deny **Plaintiff** access to his constitutional **property** and to deny the full

benefit of his enumerated, individual constitutional right to …bear arms.  It is also

undeniable that there are no **"equal protection of the laws"**, as the state is willing

to provide those who are **"…engaged in the protection of life and property"** and

**active duty and retired law enforcement officers, who are to be treated as**

**"civilians" with no connection with law enforcement,** licenses to carry

concealed or unconcealed, and readily deny an ordinary constituent.


On 14 July 2008, **Plaintiff** had once again, after two prior occasions, requested the

issuance of a concealed or unconcealed firearm permit to carry for purposes of

personal defensive use, to the Hawaii county's police department.  On 16 July

2008, the chief of police, **Lawrence K. Mahuna,** quoted the following reply, (in

part): *"The legislature of the State of Hawaii, pursuant to HRS section 134-9,*

*appointed the "chief of police of the appropriate county" with the **discretionary***

***power to grant a license** to carry a concealed firearm "in an exceptional case,*

***when an applicant show reason to fear injury to applicant's person or property."***

*Thus, according to HRS section 134-9, **the burden is on the applicant** to*

*demonstrate that they should be allowed to carry a concealed firearm."*

**Plaintiff** argues that (1) **"discretionary power to grant a license"**, is limited

under police powers and legislative authority to (a) determining whether or not a

person is a prohibited or disqualifying individual in accordance with H.R.S. 134-7.

and (b) whether to allow concealed or unconcealed carry of a firearm on public

properties. Nothing more. (2) **"In an exceptional case…",** is determined without

any specific written guidelines to describe the **"…exceptional case"**, thus making

the act of rendering an opinion a subjective, unilateral decision in the hands of one

person, without an avenue for appeal, except through the courts, to be **"arbitrary**

**and capricious."** (3) **"…the burden is on the applicant to demonstrate that**

**they should be allowed to carry a concealed firearm."** The **"burden"**

requirement provides no specific guidelines or definition, and therefore, wholly

subjective to a personal opinion, and not **Law.** It wrongfully converts an

enumerated, individual constitutionally protected right of a citizen, into a **privilege**

perceived to be unlawfully and unconstitutionally granted by the state. This first

instance of "the burden is on the applicant" was founded upon the wrongful

conclusion and hijacking of the Second Amendment and claimed as "...a right of

the State alone." **(Young v. Hawaii).** **Burden of documented facts,** to deny

**Plaintiff** the rightful exercise of his right, rests in the hands of the State.  (4)

**"...when an applicant can show reason to fear...",** is unreasonable in nature,

other than a **verbal threat,** which is the only fear that does not entail physical

harm. The state requires that a citizen has, **after the fact,** been physically injured,

assaulted or suffered death, due to the fact that prior to being physically injured, or

assaulted or killed, due to the suddenness of an attack, at a specific location and at

a specific time, there are no other means or purpose for a citizen **to show fear.** To

this fact, the state, municipalities, or police accepts' no liability other than a duty to

investigate, after the damage or harm has been done.


On 24 September 2008, **Plaintiff,** lacking specific written lawful avenues for a

resolution of the unlawful acts, pursued the issue with a written request to the

county mayor, who at that time was Ms. Dixie Kaetsu, Managing Director and

acting mayor.  13 October 2008,  Ms. Kaetsu consulted with the county

corporation counsel and merely stated that **"...Until such time as the law is**

**amended, the County, including the Police and this office, must follow the**

**current law."** There was no indication as to who, what, where, when and how this

change would take place.  Especially, in consideration of the State Attorney

General's euphoria to advocate the now unconstitutional view of "…state's

right…".  "All laws which are repugnant to the Constitution are null and void."

**(Marbury v. Madison, 5 U.S. (2 Cranch) 137 (1803)).**


In **YOUNG v. HAWAII, 548 F.Supp.2d 1151 (D. Hawaii March 11, 2008),** this

court in a horrendous error of judgment, and in complete contradiction to **District**

**of Columbia v. Heller, 128 S.Ct. 2783 (June 2008),** readily admitted that the

Chief of Police for County of Hawaii did act **"…under color of law…"** to deny

**Plaintiff** the full benefit and enjoyment of his rights under the **Second**

**Amendment,** and wrongfully advocated that **"…the second amendment to the**

**United States constitution is a right of the state alone."**


Since this legal view is a serious error, as it incorrectly denied **Plaintiff** legal

standing and dismissed, under **Local Rule 7.2(d),** without a hearing, **Plaintiff**

demands from this court to recognize violations of the following constitutional

articles and amendments.

(1)  U.S. Constitution, Article I, Section 10 (in part): "…No state shall …pass any

Bill of Attainder…"

17

(2)  U.S. Constitution, Article I, Section 10 (in part): "…No state shall …pass any Law impairing the obligation of contracts.

(3)  U.S. Constitution, Article VI, Clause 2 (in part): "This constitution, and the Laws of the United States which shall be made in pursuance thereof… …**shall be the Supreme Law of the Land and <u>the Judges in every state</u> shall be bound thereby, <u>any Thing in the Constitution or laws of any State to the Contrary notwithstanding.</u>**

(4)  U.S. Constitution, Second Amendment (in part): "…the Right of the People to **Keep** and **Bear arms.**

(5)  U.S. Constitution, Article V (in part):  "…nor shall **<u>private property</u>** be taken for public use, without just compensation.  An individual constitutional right is considered "private property" as it was a right retained by the People and not conceded to either the national or state governments.

(6)  U.S. Constitution, Article VII (in part):  "In Suits at common law, where the value in controversy shall exceed twenty dollars, **<u>the right of trial by jury shall be preserved…</u>**".

(7)  U.S. Constitution, Amendment IX: "The enumeration in the Constitution, of certain rights, **<u>shall not be construed to deny or disparage others</u>** retained by the People.  Self-defense is constitutional right and is a collary right to bear arms.

**<u>(District of Columbia v. Heller, 128 S.Ct. 2783 (June 2008)).</u>**

(8) U.S. Constitution, Amendment X: "The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the **States** respectively, or to the people." As defined by U.S. Supreme Court, the term "**State...**" as referred to in the Bill of Rights refers to the "politic body" or the body of enfranchised citizens residing within a specific geographical location designated by geographical boundaries and called "States". Not state legislative bodies. **People,** refers to the whole body of the nation acting as a politic body.

(9) U.S. Constitution, Amendment XIV (in part): "...No State shall **make or enforce any law** which shall abridge the privileges and immunities of citizens of the United States...". H.R.S. 134 and 134-9 is an infringement of the Second Amendment. The State of Hawaii fails to produce any documentation to which the Second Amendment and Hawaii Constitution's Article 17, was legislatively argued and decided, clearly, beyond any doubt and ratified with the knowledge of the people, that the right argued, to keep and bear arms, was that of the State alone for purposes to maintain a Hawaii State National Guard. The contradiction.

(10) U.S. Constitution, Article XIV (in part): "...nor shall any State deprive any person of life, liberty, or property without **due process of law...**". The Second Amendment, having been ruled as a fundamental, enumerated, individual constitutional right, **it is private property**, to which the individual sovereign can exercise his sovereign authority over it, to enjoy the benefits thereof, as it is the

individual sovereign's sole discretion to exercise. H.R.S. 134 and 134-9 goes

beyond their mandate of constitutional law and implies that the Hawaii Revised

Statutory law is superior to that of the Constitution of the United States, and that

Hawaii has implied that it has a choice as to which constitutional laws shall apply

or which laws they shall modify and if caught at it, they will simply claim

Sovereign Immunity under the Eleventh Amendment. The Eleventh Amendment

(ratified 8 January 1798) claim to sovereign immunity is recognized, with the

exception of the first eight amendments to the Constitution of the United States, to

which lies the Fourteenth Amendment (ratified 28 July 1868). Upon ratification of

the Fourteenth Amendment states waived their sovereign immunity against the Bill

of Rights. This conclusion is verified in **Barron v. Baltimore, 32 U.S. (7 Pet.)**

**243 (1833),** which established a precedent on whether the United States Bill of

Rights could be applied to the States, Chief Justice John Marshall's decision was

that it applied to the national government, and if the Bill of Rights were to be

applied to the states the rights would have written preceded by **"No State shall…"**,

as found in U.S. Constitution, Article I, Section 10. Rep. John Bingham in drafting

section one of the Fourteenth Amendment looked to ***Barron*** itself for guidance.

Within the words of Chief Justice John Marshall could be found clear instructions:

"Had the framers of these amendments intended them to be limitations on the

powers of the state governments, they would have imitated the framers of the

original constitution, and have expressed that intention." ***(Cong. Globe, 42d Cong.,***

***1st Sess. 84 App. 1871); Barron, 32 U.S. at 250)*** The opening words of the

Privileges and Immunities clause thus imitate the command of Article I, Section 10

referenced in ***Barron***: "No State shall…"  Bingham made explicit that ***Barron's***

suggestion was followed in order to **bind the states.**   Passage of the Fourteenth

Amendment, with respect to the Bill of Rights, the states waived the sovereign

immunity.  State sovereign immunity only protects limited financial claims,

however, does not preclude Declaratory Judgments and Injunctions.


With respect to the question, if the decision of the **District of Columbia v. Heller**

applies only to the District of Columbia or to the rest of the states.  A closer

examination of the question at hand reveals that the underlying question is whether

or not one of the **"…rights, privileges and immunities"** of a **"citizen of the**

**United States"** was violated and requires constitutional protection.  Of course, the

affirmation, by the United States Supreme Court, of the final decision of the United

States Federal Circuit Court of Appeals for the District of Columbia was basically

a confirmation of a **42 U.S.C. 1983** case, **Deprivation of Constitutional Rights**

**Under Color of Law,** which applies to all states.


## DAMAGES

1.  Denied the full benefits and enjoyment of the fundamental, enumerated, individual constitutional right to "…bear arms.." for purpose of the constitutional right to self-defense.

2.  Denied the constitutional protection and benefit of **"due process of law".**

3.  Denied the benefit of equal protection of the law under the Fourteenth Amendment.

4.  Denied the constitutional right to choice **(Roe v. Wade, 410 U.S. 113 (1973)**, exercised as a fundamental collary right to self-defense under the right to life.

5.  Denied the right of a citizen of the United States and imply that **Plaintiff** is a subject of the United States.

6.  Denied protection of the privileges and immunities clause of the Fourteenth Amendment.

7.  Damage to personal name, credibility and reputation of **Plaintiff.**

8.  Damage caused by the tremendous physical and emotional trauma and stress caused by the direct threat to the Bill of Rights and to bring in to question the credibility and integrity of the United States Constitution.

## RELIEF BEING SOUGHT

1. Against Defendant State: a declaration that Hawaii Revised Statute 134 and 134-9 is unconstitutional and violates the Second Amendment.

2. Against Defendant State: a declaration that Hawaii Revised Statute 134 and 134-9 deprives **Plaintiff** of equal protection under the Fourteenth Amendment.

3. Against Defendant State: permanent injunction against the enforcement of H.R.S. 134 and 134-9, until such time as the words of H.R.S. 134-9, "…exceptional case…"; "…may issue…" and "…is engaged in the protection of life and property." and "…must show reason to fear…", is eliminated and a venue of an appeal process is created and established. The "…may issue…" language must be changed to "Shall issue…".

4. Against Defendants: County of Hawaii, Lawrence K. Mahuna and Mark J. Bennett for causing extreme physical and emotional stress and trauma by written implication, and the theft of property (U.S. Const., Amendment II), verified by this court, that **Plaintiff** was a liar and a disillusioned citizen about his rights under the Second Amendment *(Young v. Hawaii, 548 F.Supp.2d 1151 (D. Hawaii March 11, 2008)*, two million dollars (US$2,000,000.00).

5. Against Defendants:  Punitive damages, to County of Hawaii, Lawrence K. Mahuna, and Mark J. Bennett for irreparable harm to the credibility and reputation of **Plaintiff,** as an honorably retired military combat veteran, who has sworn an oath to preserve, protect and defend the Constitution of the United States and for the act of Defendants presenting **"a clear and present danger"** to the Constitution of the United States by unconstitutionally and intentionally misinterpreting and denying the application of individual constitutional rights ***Young v. Hawaii, 548.2d 1151 (D. Hawaii March 11,2008),*** the sum of five million dollars (US$5,000,000.00).

6. Defendants are responsible for all reasonable costs of court and fees, to include reimbursement of expenses incurred by **Plaintiff.**

The right to trial by jury is preserved under U.S. Constitution, Amendment VII.

### Certificate

1. Boldface and underscored words are for emphasis.

2. Exception to local court rules, as number of pages, words, paragraphs and lines exceeded due to necessity and number of disputed factual issues committed by both state and county.

3. Content: 25 pages; 4,884 words; 135 paragraphs; 597 lines.

Respectfully Submitted,

GEORGE K. YOUNG, JR.
Pro-Se Plaintiff