IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GEORGE K. YOUNG, JR. | CIVIL NO. 08-00540 DAE-KSC |
| Plaintiff, | MEMORANDUM IN SUPPORT OF MOTION |
| vs. | |
| State Of Hawaii; Mark Bennett in his Individual Capacity; County of Hawaii; Lawrence K. Mahuna in his individual capacity; John Does 1-25; Jane Does 1-25; Corporations 1-5; and Doe Entities 1-5, | |
| Defendants. | |

## MEMORANDUM IN SUPPORT OF MOTION

## TABLE OF CONTENTS

Table of Authorities.................................................................................iii

I.    **INTRODUCTION**............................................................................ 1

II.   **STATEMENT OF ALLEGED FACTS**........................................ 2

III.  **LEGAL STANDARD** ..................................................................... 4

IV.   **DISCUSSION** ................................................................................. 5

    A.   **Plaintiff's Claims are Barred by Collateral Estoppel and Res Judicata** .................................................................................... 5

    B.   **State of Hawaii has Immunity from Plaintiff's 42 U.S.C. § 1983 Claims** ........................................................................... 9

    C.   **Plaintiff Fails To State A Federal Constitutional Claim Against Mark Bennett Under Section 1983** .................................. 11

        a.   **Plaintiff Lacks Standing To Challenge HRS Chapter 134 On The Basis Of An Alleged Deprivation of Second Amendment Rights** ........................................... 11

        b.   **HRS Chapter 134 Does Not Constitute a Bill of Attainder in Violation of Article I, Section 10 Of The United States Constitution** ........................................... 15

        c.   **The Complaint Fails To State A Claim For Violation Of The Constitutional Prohibition Against The Impairment Of The Obligations Of Contract** ................. 18

        d.   **Plaintiff Has No Cause of Action Under Article VI of U.S. Constitution** ........................................... 19

        e.   **The Due Process Clause Of The Fifth Amendment Is Inapplicable Where There Is No Federal Defendant** ............... 19

i

f.    **Plaintiff Lacks Standing To Challenge HRS Chapter 134
      On The Basis Of An Alleged Deprivation Of Ninth
      Amendment Rights** .......................................................... 21

g.    **Plaintiff's Fourteenth Amendment Claims** ............................... 22

      1.  **Plaintiff's Equal Protection Claim Under The
          Fourteenth Amendment Is Without Merit** ........................... 22

      2.  **HRS Chapter 134 Does Not Violate the Privileges or
          Immunities Clause of the Fourteenth Amendment** ............. 24

      3.  **The Complaint Fails To State A Claim For
          Violation Of The Fourteenth Amendment Due
          Process Clause** .......................................................... 25

D.   **Plaintiff's §§ 1985 and 1986 Claims Are Precluded By Plaintiff's
     Failure To Allege A § 1983 Violation** ..................................... 28

V.   **CONCLUSION** ........................................................................ 29

# TABLE OF AUTHORITIES

<u>Cases</u>

<u>Allen v. McCurry</u>
    449 U.S. 90 (1980)..................................................................... 8

<u>Allen v. Wright</u>
    468 U.S. 737 (1984)................................................................. 12

<u>Boiling v. Sharpe</u>
    347 U.S. 497, 499 (1954) ........................................................ 20

<u>Borden's Co. v. Baldwin</u>
    293 U.S. 194, 209 (1934)........................................................... 5

<u>Brady v. Gebbie</u>
    859 F.2d 1543 (9th Cir. 1988).................................................. 26

<u>Brown v. Federated Dept. Stores. Inc.</u>
    653 F.2d 1266 (9th Cir. 1981) ................................................... 9

<u>Carmen v. San Francisco Unified Sch. Dist.</u>
    982 F.Supp. 1396 (N.D. Cal. 1997)........................................ 10

<u>Carey v. Piphus</u>
    435 U.S. 247 (1978) ................................................................ 26

<u>Cassettari v. Nevada County, Cal.</u>
    824 F.2d 735 (9th Cir. 1987)................................................... 28

<u>Castillo v. McFadden</u>
    399 F.3d 993 (9th Cir. 2005)................................................... 20

<u>City of Cleburne v. Cleburne Living Ctr., Inc.</u>
    473 U.S. 432 (1985)................................................................ 23

<u>Collins v. D.R. Horton, Inc.</u>
    505 F.3d 874 (9th Cir. 2007) .................................................... 6

Convention Center Authority v. Anzai
　　78 Hawaii 157 (1995) ................................................................... 5

Coulter v. Bronster
　　57 F.Supp. 2d 1028 (D. Haw. 1999) ............................................. 4

Doe v. Lawrence Livermore Nat'l Lab.
　　131 F.3d 836 (9th Cir. 1997) ..................................................... 10

Dooley v. Reiss
　　736 F.2d 1392 (9th Cir.) ............................................................. 28

Ex parte Palakiko
　　39 Haw. 167 (1951) ...................................................................... 5

FW/PBS, Inc. v. City of Dallas
　　493 U.S. 215 (1990) .................................................................... 12

Fresno Rifle and Pistol Club, Inc. v. Van de Kamp
　　746 F.Supp. 1415 (E.D.Cal. 1990) ............................................. 14

Giannini v. Real
　　911 F.2d 354 (9th Cir. 1990) ...................................................... 25

Goldberg v. Kelly
　　397 U.S. 254 (1970) .................................................................... 28

Harris v. Jacobs
　　621 F.2d 341 (9th Cir. 1980) ........................................................ 9

Hawkins v. Risley
　　984 F.2d at 325 ............................................................................. 7

Hewitt v. Grabicki
　　794 F.2d 1373 (9th Cir. 1986) .................................................... 26

Hickman v. Block
　　81 F.3d 98 (9th Cir. 1996) ......................................... 13, 14, 18, 25, 27

Hydranautics v. FilmTec Corp.
    204 F.3d 880 (9th Cir.2000) ........................................................ 7, 8

Kourtis v. Cameron
    419 F.3d 989 (9th Cir.2005) ........................................................ 6

Lee v. City of Los Angeles
    250 F.3d 668 (9th Cir. 2001) ........................................................ 4

Lewis v. United States
    445 U.S. 55 (1980)........................................................ 20

Luian v. Defenders of Wildlife
    504 U.S. 555 (1992) ........................................................ 11, 12

Lung v. Castillo
    477 U.S. 635 (1986)........................................................ 20

Mathews v. Eldridae
    424 U.S. 319 (1976)........................................................ 27

Monell v. New York City Dept. of Social Services
    436 U.S. 658 (1978) ........................................................ 19

Morneau v. Stark Enterprises. Ltd.
    56 Haw. 420, 539 P.2d 472 (Haw. 1975)........................................................ 7

National Railroad Passenger Corp. v. Atchison, Topeka & Santa Fe Railway Co.
    470 U.S. 451 (1985)........................................................ 18

Nixon v. Administrator of Gen. Servs.
    433 U.S. 425 (1977) ........................................................ 15, 16, 17

Paciulan v. George
    229 F.3d 1226 (9th Cir. 2000)........................................................ 25

Parklane Hosiery Co., Inc. v. Shore
    439 U.S. 322, 99 S.Ct. 645 (U.S.N.Y.,1979)........................................................ 7

Peck v. Commissioner of Internal Revenue
    904 F.2d 525 (9th Cir. 1990) ........................................................... 6

Pennhurst State School & Hosp. v. Halderman
    465 U.S. 89 (1984) ......................................................................... 10

Plyler v. Doe
    457 U.S. 202 (1982) ....................................................................... 22

Pray v. Judicial Selection Comm'n
    75 Haw. 333, 861 P.2d 723 (1993) .................................................. 5

Presser v. Illinois
    116 U.S. 252 (1886) ....................................................................... 12

Robertson v. Baldwin
    165 U.S. 275 (1897) ....................................................................... 24

Russell v. Hug
    275 F.3d 812 (9th Cir. 2002) ......................................................... 24

San Diego County Gun Rights Committee v. Reno
    98 F.3d 1121 (9th Cir. 1996) ......................................................... 21

Sassone v. Lepore
    226 Conn. 773, 629 A.2d 357 (1993) ............................................ 26

Schweiker v. Wilson
    450 U.S. 221 (1981) ....................................................................... 20

Selective Serv. Sys. v. Minnesota Pub.Interest Research Group
    468 U.S. 841 (1984) ....................................................................... 16

Sifagaloa v. Board of Trustees of the Employees' Retirement Sys.
    74 Haw. 181, 840 P.2d 367 (1992) .................................................. 5

Silveira v. Lockyer
    312 F.3d 1052 (9th Cir. 2002) ........................................ 13, 14, 18, 25, 27

Southern Pac. R. Co. v. United States
        168 U.S. 1 (1897).............................................................................. 6

Sprewell v. Golden State Warriors
        231 F.3d 527 (9th Cir. 2000) ..................................................... 4, 5

State v. Bates
        84 Hawaii 211 (1997) ..................................................................... 4

State v. Mendoza
        82 Hawaii 143, 920 P.2d 357 (1996)........................... 21, 23, 24, 27

Supreme Court of New Hampshire v. Piper
        470 U.S. 274 (1985)........................................................................ 24

Thalheim v. Greenwich
        256 Conn. 628 (2001)..................................................................... 26

United States v. Cruikshank
        92 U.S. 542 (1876) .................................................................. 12, 13

United States v. Emerson
        270 F.3d 203 (5th Cir. 2001) ................................................. 13, 22

United States v. Hancock
        231 F.3d 557 (9th Cir. 2000)......................................................... 23

United States v. Lovett
        328 U.S. 303 (1946)........................................................................ 15

United States v. Miller
        307 U.S. 174 (1939).............................................. 13, 21, 22

United States v. Phelps
        17 F.3d 1334 (10th Cir.) ................................................................ 23

Valley Forge Christian College v. Americans United for Separation of Church
and State, Inc.
        454 U.S. 464 (1982)........................................................................ 12

Will v. Michigan Dept. of State Police
        491 U.S. 58 (1989) .......................................................................... 10

Yakama Indian Nation v. State of Wash. Dep't of Revenue
        176 F.3d 1241 (9th Cir. 1999) ....................................................... 10

Young v. State of Hawaii
        548 F.Supp. 2d. 1151 (D. Hawaii 2008) .................................... 3, 11

White v. Pacific Media Group, Inc.
        322 F.Supp. 2d 1101 (D. Hawaii 2004) ........................................ 29


Statutes & Rules

Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 12(b)(6) ................................. 4

HRS Chapter 134 ............................................................................. *passim*


Other

42 U.S.C. § 1983 ................................................................ 9, 10, 19, 28

42 U.S.C. § 1985 ........................................................................ 10, 28

42 U.S.C. § 1986 ........................................................................ 28, 29

U. S. Constitution (Amendments, Articles) ...................................... *passim*

## MEMORANDUM IN SUPPORT OF MOTION

**I.   INTRODUCTION**

Plaintiff's Complaint alleges that Hawaii Revised Statutes ("HRS") §§ 134-6 and 134-9 "offends Plaintiff's constitutional sensibilities and openly denies Plaintiff's free exercise to carry a firearm for any lawful purpose" (See Plaintiff's previous lawsuit, Aug. 24, 2007 Compl., page 15; Attached as Exhibit A). Plaintiff alleges that HRS Chapter 134 amounts to an unlawful Bill of Attainder (Compl. ¶ 2) and impairs the Obligations of Contract (Compl. ¶ 3). Plaintiff also alleges that HRS Chapter 134 violates his civil rights under the Second (Compl. ¶ 1), Fifth (Compl. ¶ 5), Ninth (Compl. ¶ 6), and XIV Amendments (Compl. ¶ 7). Plaintiff also references a violation of Article VI, Clause 2 of U.S. Constitution.

Plaintiff has named, among others, the State of Hawaii, and Mark J. Bennett, in his individual capacity ("Defendants"). Plaintiff seeks from Defendant State of Hawaii, a declaration that Hawaii Revised Statutes ("HRS") Chapter 134 (and § 134-9) is unconstitutional and violates the Second Amendment and deprives Plaintiff of equal protection under the Fourteenth Amendment, and for a permanent injunction against the enforcement of HRS Chapter 134 (and § 134-9) until such time as the language to the Statute is changed. Plaintiff further seeks from all named Defendants monetary damages for causing extreme physical and emotional stress and trauma as the result of failure to prevail in his lawsuit and punitive

damages for irreparable harm to the credibility and reputation of Plaintiff.  Finally

Plaintiff claims Defendants are responsible for all reasonable costs of court and

fees, to include reimbursement of expenses incurred by Plaintiff. (See Compl.

pages 23-24).

## II.   STATEMENT OF ALLEGED FACTS

Plaintiff alleges he applied for a personal permit in accordance with HRS §

134-9(a)(c)[1], to be authorized to carry a firearm either concealed or unconcealed,

stating the purpose being for personal security, self-preservation and defense, and

protection of personal family members and property.  (See Compl., pages 5, 14).

Plaintiff claims he was denied a permit by Defendant Mahuna, Chief of Police.

---

[1] Section 134-9(a)(c) provides: (a) In an exceptional case, when an applicant shows reason to fear injury to the applicant's person or property, the chief of police of the appropriate county may grant a license to an applicant who is a citizen of the United States of the age of twenty-one years or more or to a duly accredited official representative of a foreign nation of the age of twenty-one years or more to carry a pistol or revolver and ammunition therefore concealed on the person within the county where the license is granted. Where the urgency or the need has been sufficiently indicated, the respective chief of police may grant to an applicant of good moral character who is a citizen of the United States of the age of twenty-one years or more, is engaged in the protection of life and property, and is not prohibited under section 134-7 from the ownership or possession of a firearm, a license to carry a pistol or revolver and ammunition therefore unconcealed on the person within the county where the license is granted. The chief of police of the appropriate county, or the chief's designated representative, shall perform an inquiry on an applicant by using the National Instant Criminal Background Check System, to include a check of the Immigration and Customs Enforcement databases, where the applicant is not a citizen of the United States, before any determination to grant a license is made. Unless renewed, the license shall expire one year from the date of issue.

(See Compl., Page 14).  Plaintiff contends that by enforcing HRS § 134-9, the

Defendants allegedly deprived Plaintiff of his civil rights under the Second, Fifth, Ninth,

and Fourteenth Amendments and under Article I and VI of the United States

Constitution.

George K. Young, Jr. filed an earlier Complaint in Civil No. 07-00450 HG-

KSC against the State of Hawaii, Governor Linda Lingle, Mayor of the County of

Hawaii Harry Kim, and Chief of Police Lawrence K. Mahuna (hereinafter "First

Action").  In the First Action, Plaintiff sued the individual parties in their official

capacities.  The First Action was dismissed for failure to state a claim for

deprivation of a federal right and yet Plaintiff cites that case (Young v. State of

Hawaii, 548 F.Supp.2d 1151) throughout the current Complaint.

The Plaintiff's first Complaint was filed August 24, 2007. A month later, the

County of Hawaii filed a Motion to Dismiss (September 14, 2007) followed by the

State of Hawaii's Motion to Dismiss which was filed September 24, 2007.  Chief

Judge Helen Gillmor decided on the documents without a hearing and issued an

Order Granting Defendants' Motions to Dismiss Plaintiff's Complaint, filed

March 11, 2008.  (See March 12, 2006 Judgment from First Action; Attached as

Exhibit B)

The issue in the First Action was whether Defendants violated Plaintiff's

rights under the United States Constitution when he was denied a gun permit

pursuant to HRS Chapter 134.  (See First Action, Aug. 24, 2007 Compl.)  The issue

and parties in the present action are identical, except that the Plaintiff is now

attempting to sue Mark Bennett and Lawrence K. Mahuna in their individual

capacities.  (See Second Action, Dec. 2, 2008 Compl.)

## III.    LEGAL STANDARD

Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 12(b)(6) provides that a

motion may be made to dismiss a claim if the claimant has failed to state a claim

upon which relief can be granted.  As a matter of law, a complaint may be

dismissed for one of two reasons: "(1) lack of a cognizable legal theory or (2)

insufficient facts under a cognizable legal theory."  Coulter v. Bronster, 57 F.Supp.

2d 1028, 1032 (D. Haw. 1999).  "A motion under Rule 12(b)(6) should also be

granted if an affirmative defense or other bar to relief is apparent from the face of

the Complaint, such as absolute immunity or the statute of limitations."  Id.

In determining whether a motion under Fed. R. Civ. P. Rule 12(b)(6) should

be granted, this court may only look to allegations in the complaint, must accept all

well-pleaded factual allegations as true, and must construe these factual allegations

in a light most favorable to the Plaintiff.  Sprewell v. Golden State Warriors, 231

F.3d 527 (9th Cir. 2000) (citation omitted).  "Conclusory allegations of law,

however, are insufficient to defeat a motion to dismiss."  Lee v. City of Los

Angeles, 250 F.3d 668, 679 (9th Cir. 2001).  "Nor is the court required to accept as

true allegations that are merely conclusory, unwarranted deductions of fact or unreasonable inferences." Sprewell, 231 F.3d at 527-28 (citation omitted).

It is well settled that legislative enactments are presumptively constitutional. State v. Bates, 84 Hawaii 211, 220 (1997); Convention Center Authority v. Anzai, 78 Hawaii 157 (1995). Statutes have a strong presumption of constitutionality. Ex parte Palakiko, 39 Haw. 167, 184 (1951); Borden's Co. v. Baldwin, 293 U.S. 194, 209 (1934).

Accordingly, the Hawaii Supreme Court, in Convention Center Authority v. Anzai, 78 Hawaii 157 (1995) has stated:

> "we have long held that: (1) legislative enactments are 'presumptively constitutional;' (2) 'a party challenging [a statutory scheme] has the burden of showing unconstitutionality beyond a reasonable doubt;' and (3) the constitutional defect must be 'clear, manifest[,] and unmistakable.'" Pray v. Judicial Selection Comm'n, 75 Haw. 333, 340, 861 P.2d 723, 727 (1993) (quoting Sifagaloa v. Board of Trustees of the Employees' Retirement Sys., 74 Haw. 181, 191, 840 P.2d 367, 371 (1992) (quoting Blair, 73 Haw. at 542, 836 P.2d at 1069) (brackets in original and citations omitted)).

Because Plaintiff is contesting the constitutionality of HRS Chapter 134, he has the burden of proof to show HRS Chapter 134's unconstitutionality beyond a reasonable doubt.

## IV.   DISCUSSION

### A.   Plaintiff's Claims are Barred by Collateral Estoppel and Res Judicata

Plaintiff's claims against all the Defendants should be barred by the doctrine of *collateral estoppel*. The doctrine of *"collateral estoppel"* or "issue preclusion" provides that:

> [A] right, question, or fact distinctly put in issue and directly determined by a court of competent jurisdiction, as a ground of recovery, cannot be disputed in a subsequent suit between the same parties or their privies; and, even if the second suit is for a different cause of action, the right, question, or fact once so determined . . . be taken as conclusively established.

Southern Pac. R. Co. v. United States, 168 U.S. 1, 48-49 (1897); See also Peck v. Commissioner of Internal Revenue, 904 F.2d 525, 527 (9th Cir. 1990).

Thus, *collateral estoppel* prevents re-litigation of issues actually litigated and necessarily decided in a prior action, even where the case involved a different claim. The doctrine of *collateral estoppel* has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his or her privity and of promoting judicial economy by preventing needless litigation. Collins v. D.R. Horton, Inc., 505 F.3d 874, 880 (9th Cir. 2007). A federal court decision has preclusive effect where (1) the issue necessarily decided in the previous proceeding is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom *collateral estoppel* is asserted was a party or in privity with the party at the first proceeding. Kourtis v. Cameron, 419

F.3d 989, 994 (9th Cir.2005), citing <u>Hydranautics v. FilmTec Corp.</u>, 204 F.3d 880, 885 (9th Cir.2000).

The issue in the first action was whether Defendants violated Plaintiff's Constitutional rights when he was denied a gun permit pursuant to HRS Chapter 134. The issue and parties in the present action are identical to the First Action, except that the Plaintiff is now attempting to sue two of the Defendants in their individual capacity. (<u>See</u> First Action, Aug. 24, 2007 Compl.) In the First Action, Plaintiff sued Mark Bennett and Lawrence K. Mahuna in their official capacity. <u>Id</u>. This distinction between individual capacity and official capacity is immaterial, since the party against whom *collateral estoppel* is being asserted, the Plaintiff, was a party in the First Action. <u>Parklane Hosiery Co., Inc. v. Shore</u>, 439 U.S. 322, 326, 99 S.Ct. 645, 649 (U.S.N.Y.,1979) (Defensive *collateral estoppel* occurs when a defendant seeks to prevent a plaintiff from asserting a claim the plaintiff has previously litigated and lost against another defendant.)

*Collateral estoppel* also requires that the issue must have been actually litigated in the prior litigation. Courts have generally interpreted "actually litigated" as requiring that the party against whom the preclusion is sought had a "full and fair opportunity" to litigate the issue in the earlier case. <u>See Morneau v. Stark Enterprises. Ltd.</u>, 56 Haw. 420, 423, 539 P.2d 472 (Haw. 1975); <u>see also Hawkins v. Risley</u>, 984 F.2d 321, 325 (9th Cir. 1992)(issue preclusion applies only

where prior litigation was fair and adequate).  In the first action the issues were fully litigated. (See March 12, 2006 Judgment from First Action; Attached as Exhibit B.) Lastly, as the issue in the present action formed the basis for Plaintiff's claim in the first action, it was a necessary part of the judgment in that action. (See First Action,  Aug. 24, 2007 Compl.; Second Action, Dec. 2, 2008 Compl.) Accordingly, Plaintiff's claims are precluded from litigation under the doctrine of *collateral estoppel* and the case should be dismissed in its entirety.

Moreover, the Plaintiff's claims against the State of Hawaii should be barred under the doctrine of *res judicata*.  The doctrine of "*res judicata*" or "claim preclusion" provides that final judgment on the merits in one action bars subsequent re-litigation of the same claim by the same parties.  Allen v. McCurry, 449 U.S. 90, 94 (1980); Hydranautics v. Filmtec Corp., 204 F.3d 880, 887 (9th Cir. 2000).

An action is barred by *res judicata* where: (1) the parties in the present action are identical to, or in privity with, the parties in the prior action; (2) a final judgment on the merits was rendered in the prior action; and (3) the claim asserted in the present action involves the same "claim" or "cause of action" as the prior action.  See Hydranautics, 204 F.3d at 888.

As discussed above, the parties in the present action are the same as the parties to the first action, except now the Plaintiff is attempting to sue Mark

Bennett and Lawrence K. Mahuna in their individual capacity. The first action came for consideration before the Court, and a final determination was rendered on the merits. (See First Action, Aug. 24, 2007 Compl., Judgment filed March 12, 2008).

The claims asserted in the present action involve the same "claim" or "cause of action" as the first action. To determine whether a claim is barred by claim preclusion, courts look at factors such as "whether the two suits arise out of the same transactional nucleus of facts." Harris v. Jacobs, 621 F.2d 341, 343 (9th Cir. 1980). The Ninth Circuit has determined that "the crucial element underlying all of the standards is the factual predicate of the several claims asserted." Id. (citations omitted); see also Brown v. Federated Dept. Stores. Inc., 653 F.2d 1266, 1267 (9th Cir. 1981)(holding that "[t]wo claims are the same if they arise from the same transaction or events."). In both actions, the factual predicate is identical. (See First Action, Aug. 24, 2007 Compl.) Also, in both actions, Plaintiff alleges the same constitutional violations. Accordingly, the Plaintiff's claims should be barred under the doctrine of *res judicata*.

**B.    State of Hawaii has Immunity from Plaintiff's 42 U.S.C. § 1983 Claims**

The Defendants also seek dismissal of the Plaintiff's Section 1983 claims against the State of Hawaii on the grounds that the State of Hawaii has immunity from the Plaintiff's 42 U.S.C. § 1983 claims. 42 U.S.C. § 1983 provides that any "person"

acting under the color of state law in violating another's rights is liable to that injured party. However, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." <u>Will v. Michigan Dept. of State Police,</u> 491 U.S. 58, 71 (1989); <u>Doe v. Lawrence Livermore Nat'l Lab.</u>, 131 F.3d 836, 839 (9th Cir. 1997).[2]

The Eleventh Amendment also bars suits against a state or its agencies, "regardless of the relief sought, unless the state unequivocally consents to a waiver of its immunity." <u>Yakama Indian Nation v. State of Wash. Dep't of Revenue</u>, 176 F.3d 1241, 1245 (9th Cir. 1999). <u>See also</u> <u>Pennhurst State School & Hosp. v. Halderman</u>, 465 U.S. 89, 99 (1984). The State of Hawaii has not "unequivocally" waived its immunity from suit for retrospective relief, and Congress has not overridden the immunity.[3] Therefore, under the protection afforded them under the Eleventh Amendment, the State is immune from suit, and all claims for damages must be dismissed.

Accordingly, Plaintiffs' federal claims against the State are barred and must be dismissed.

---

[2] 42 U.S.C. § 1985 likewise requires the acts or omissions of "persons". <u>See</u> <u>Carmen v. San Francisco Unified Sch. Dist.</u>, 982 F.Supp. 1396, 1404-05 (N.D. Cal. 1997) (the term "person" as used in section 1985 has the same meaning as "person" as used in section 1983).

[3] In the First Action, Judge Gilmore has already determined that the State cannot be sued because of the Eleventh Amendment. (<u>See</u> pg 11, March 12, 2006 Judgment from First Action)

315534_2.DOC

10

C.    **Plaintiff Fails To State A Federal Constitutional Claim Against Mark Bennett Under Section 1983**

The Defendants also seek dismissal of Plaintiff's Section 1983 claims against Mark Bennett on the grounds that the Plaintiff failed to sufficiently allege the deprivation of a constitutional right.

   a.   **Plaintiff Lacks Standing To Challenge HRS Chapter 134 On The Basis Of  An Alleged Deprivation of Second Amendment Rights**

Plaintiff challenges HRS Chapter 134 as being in violation of the Second Amendment to the United States Constitution.  The Second Amendment provides:

> A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed.

U.S. Const, amend. II.

Plaintiff asserts the view that the Second Amendment grants a right to the people, not to the States.  "He argues that the Second Amendment limits the actions of the States in addition to those of Congress, enshrining the right to bear arms for the defense of the individual and their family, as well as to assist in the common defense through a well-regulated militia." (Dec. 2, 2008 Compl., page 8, quoting his own previous lawsuit, Young v. Hawaii, 548 F.Supp. 2d. 1151, 1166 (D. Hawaii 2008)).

Plaintiff has the burden to establish his standing to sue.  Luian v. Defenders of

Wildlife, 504 U.S. 555, 559-61 (1992).[4]  Standing includes both constitutional and jurisprudential considerations. Luian v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992).  Plaintiff establishes standing by satisfying three elements which constitute the "irreducible constitutional minimum" of Article III standing.[5]  Id.  Article III of the United States Constitution requires first that the plaintiff must have suffered injury to a legally protected interest. Id.  Plaintiff must then show that the injury can be traced to some wrongful or illegal conduct by the Defendants, and that the injury is likely to be redressed by a favorable decision. Id.; Valley Forge Christian College v. Americans United for Separation of Church and State, Inc., 454 U.S. 464, 472 (1982).

Here, Plaintiff's case concerns the first element of constitutional standing; that is whether Plaintiff has suffered an injury to a civil right protected by the Second Amendment.  The United States Supreme Court has held that the Second Amendment constrains only the actions of Congress, not the States.  In United States v. Cruikshank, 92 U.S. 542, 553 (1876), the Supreme Court stated:

---

[4]  The Court is under an independent duty to examine the standing of the Plaintiff. FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction, and standing 'is perhaps the most important of [the jurisdictional] doctrines.'").

[5]  "Article III of the Constitution confines the federal courts to adjudicating actual 'cases' or 'controversies.'" Allen v. Wright, 468 U.S. 737, 750 (1984) (This limitation "defines with respect to the Judicial Branch the idea of separation of powers on which the Federal Government is founded.").  The "doctrine that requires a litigant to have 'standing' to invoke the power of a federal court is perhaps the most important." Id.  Article III standing is a jurisdictional prerequisite. Id. at 754.

> The second amendment declares that [the right to bear arms] shall not be infringed; but this ... means no more than that it shall not be infringed by Congress. This is one of the amendments that has no other effect than to restrict the powers of the national government....

See also Presser v. Illinois, 116 U.S. 252, 264-65 (1886) (same).

In United States v. Miller, 307 U.S. 174, 178 (1939), the Supreme Court stated:

> In the absence of any evidence tending to show that the possession or use of a 'shotgun having a barrel of less than eighteen inches in length' at this time has some reasonable relationship to the preservation or efficiency of a well-regulated militia, we cannot say that the Second Amendment guarantees the right to keep and bear such an instrument.

The United States Supreme Court's decisions in Cruikshank, Presser, and Miller make clear that the Second Amendment binds only the national government. The Ninth Circuit precedent is consistent with the decisions of the United States Supreme Court. See Hickman v. Block, 81 F.3d 98, 101-102 (9th Cir. 1996), cert. denied. 519 U.S. 912 (1996) (quoting United States v. Miller, 307 U.S. 174, 178 (1939)); and Silveira v. Lockyer, 312 F.3d 1052, 1066-1067 (9th Cir. 2002)("Our court . . . has interpreted Miller as rejecting the traditional individual rights view."), petition for rehearing en banc denied, 328 F.3d 567 (9th Cir. 2003).[6]

In Hickman, the Ninth Circuit Court of Appeals decided a case involving a lawsuit against law enforcement officials in California who refused to issue a concealed

---

[6] The Fifth Circuit Court of Appeals in United States v. Emerson, 270 F.3d 203 (5th Cir. 2001), has interpreted the United States Supreme Court's decisions in Cruikshank. Presser, and Miller differently. The holding in Emerson is contrary to the precedents established in the Ninth Circuit in the cases of Hickman and Silveira.

315534_2.DOC

weapons permit to a private individual.  The Ninth Circuit Court held:

> We follow our sister circuits in holding that the Second Amendment is a right held by the states, and does not protect the possession of a weapon by a private citizen.  [I]t is only in furtherance of state security that "the right of the people to keep and bear arms" is finally proclaimed.
> Following Miller, " [i]t is clear that the Second Amendment guarantees a collective rather than an individual right" ... Because the Second Amendment guarantees the right of the states to maintain armed militia, the states alone stand in the position to show legal injury when this right is infringed.

Hickman, 81 F.3d at 101-102 (citations and footnote omitted).  The holding in Hickman

is that the Second Amendment is a right held by the States, and does not protect the

possession of a weapon by a private citizen.[7]  The Second Amendment limits only

federal action.  Fresno Rifle and Pistol Club, Inc. v. Van de Kamp, 746 F.Supp. 1415,

1419 (E.D.Cal. 1990) ("the Second Amendment stays the hand of the National

Government only").

   HRS Chapter 134 does not violate Plaintiff's Second Amendment rights.

Plaintiff does not have standing to challenge HRS Chapter 134 on the basis of an

alleged deprivation of a Second Amendment right.  Plaintiff has failed to show "injury"

because the right to bear arms is a right held by the states alone.  Silveira v. Lockyer,

312 F.3d 1052, 1066-1067 (C.A.9 2002)("Because we hold that the Second

---

[7]  The Hickman holding was again affirmed by the Ninth Circuit Court of Appeals in the case of Silveira.  There, the Court stated: "The amendment protects the people's right to maintain an effective state militia, and does not establish an individual right to own or possess firearms for personal or other use...."  Id. at 1066-1067 (footnotes omitted).

Amendment does not provide an individual right to own or possess guns or other firearms, plaintiffs lack standing . . .").  This Court has no jurisdiction to hear the matter. Plaintiff's claims alleging a violation of his Second Amendment right, Compl. ¶ 1, does not state a cause of action.

**b.    HRS Chapter 134 Does Not Constitute a Bill of Attainder in Violation of Article I, Section 10 Of The United States Constitution**

Plaintiff asserts that HRS Chapter 134 constitutes an unconstitutional bill of attainder under Article I, section 10, clause 1 of the United States Constitution ("No State shall ... pass any Bill of Attainder....").  Plaintiff alleges that statutes of HRS Chapter 134 constitute an impermissible bill of attainder because enforcement of the statutes results in the prejudgment of Plaintiff as one guilty of abusing the right to carry a firearm when Plaintiff's application is denied.  (Dec. 2, 2008 Compl. at 6) This is not true.

The "key features of a bill of attainder" are that the challenged statute "legislatively determines guilt and inflicts punishment upon an identifiable individual without provision of the protections of a judicial trial." Nixon v. Administrator of Gen. Servs., 433 U.S. 425, 468 (1977). [8]  "Forbidden legislative punishment is not involved merely because the Act imposes burdensome consequences."  The inquiry in whether

---

[8]  See also United States v. Lovett, 328 U.S. 303, 315-316 (1946) "[Legislative acts, no matter what their form, that apply either to named individuals or to easily ascertainable members of a group in such a way as to inflict punishment on them without a judicial trial are bills of attainder prohibited by the Constitution.]"

the Hawaii Legislature "inflict[ed] punishment" within the meaning of the Bill of

Attainder Clause upon citizens who wish to carry a weapon.  <u>Nixon</u>, 433 U.S. at 472.

A statutory law is not a bill of attainder merely because it regulates the conduct of

designated individuals.  "However expansive the prohibition against bills of attainder, it

surely was not intended to serve as a variant of the equal protection doctrine,

invalidating every Act of Congress or the States that legislatively burdens some persons

or groups but not all other plausible individuals."  <u>Nixon</u>, 433 U.S. at 471 (footnote

omitted).

Here, the Hawaii Legislature's intent was to control when and where certain

types of weapons are carried in the community.  To carry out that intent, the law by

necessity was directed at all individuals seeking to carry weapons.  The law concerns

the general public, not an identifiable discrete group of citizens.

There are three inquiries in determining whether a statute inflicts punishment that

implicates the Bill of Attainder Clause: "(1) whether the challenged statute falls within

the historical meaning of legislative punishment; (2) whether the statute, "viewed in

terms of the type and severity of burdens imposed, reasonably can be said to further

nonpunitive legislative purposes"; and (3) whether the legislative record "evinces a[n] ...

intent to punish."  <u>Selective Serv. Sys. v. Minnesota Pub.Interest Research Group</u>, 468

U.S. 841, 852 (1984) (statute denying federal student aid to males who fail to register

for draft does not inflict punishment within meaning of Bill of Attainder Clause)

(quoting <u>Nixon</u>, 433 U.S. at 473 ).  Plaintiff must show that the Hawaii Legislature's passing of the Act and the Acts enforcement constitutes punishment.  There is "the requirement that one who complains of being attainted must establish that the legislature's action constituted punishment and not merely the legitimate regulation of conduct."  <u>Nixon</u>, 433 U.S. at 476 n. 40.

Plaintiff has not been impermissibly punished by the enactment and enforcement of HRS Chapter 134.  Traditional punishments include "imprisonment," "banishment," "punitive confiscation of property," and prohibition of "designated individuals or groups from participation in specified employments or vocations."  <u>Nixon</u>, 433 U.S. at 474.  The type of punishment about which Plaintiff complains, a restriction on carrying handguns, is not of the type "traditionally judged to be prohibited by the Bill of Attainder Clause."  <u>Id</u>. at 475.

HRS Chapter 134 "reasonably can be said to further non-punitive legislative purposes."  <u>Id</u>. at 475-76.  In light of the Legislature's concern that weapons carried in the community present an unreasonable danger of harm to human life, "legitimate justifications for passage of the Act are readily apparent."  <u>Id</u>. at 476; <u>cf. id.</u> at 475-76 & n. 40 (the second test is a "functional test of the existence of punishment" that is applied by examining the purposes behind the challenged law).

Nothing in HRS Chapter 134 "evinces a[n] ... intent to punish."  <u>Id</u>. at 478.  There is no indication that the Legislature's motivation was anything other than a

legitimate desire to protect the safety and welfare of the citizens of Hawaii.

HRS Chapter 134 is not an impermissible bill of attainder with respect to Plaintiff. The Complaint fails to state a claim for enforcement of an unconstitutional bill of attainder, and dismissal of this claim, Compl. ¶ 2 of the Complaint, is warranted.

> **c.    The Complaint Fails To State A Claim For Violation Of The Constitutional Prohibition Against The Impairment Of The Obligations Of Contract**

In Compl. ¶ 3, the Complaint asserts a claim for violation of Article I, Section 10 of the United States Constitution, alleging that HRS Chapter 134 constitutes a law impermissibly impairing the obligation of contract.

The contract clause of the federal Constitution, Article I, § 10, prohibits any state from passing a law "impairing the obligations of contracts." In asserting this claim, Plaintiff bears the burden of alleging facts demonstrating that he possesses contractual rights that have been substantially impaired by HRS Chapter 134. National Railroad Passenger Corp. v. Atchison, Topeka & Santa Fe Railway Co., 470 U.S. 451 (1985).

Here, Plaintiff does not possess the fundamental individual right to carry a firearm. See Hickman, 81 F.3d at 101-102; Silveira, 312 F.3d at 1066-1067. HRS Chapter 134 imposes no impairment of a contractual right possessed by Plaintiff. The dismissal of the claim for the violation of the Article I, Section 10 prohibition of the impairment of the obligations of contract, Compl. ¶ 3 of Plaintiff's Complaint, is warranted.

The allegations of the Complaint fail in total to establish that the Defendants have injured Plaintiff by acting to deprive him of his constitutional rights.  <u>Monell v. New York City Dept. of Social Services</u>, 436 U.S. 658, 662 (1978) ("the language of [42 U.S.C.] § 1983 . . . compels the conclusion that Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort").

> ### d.      Plaintiff Has No Cause of Action Under Article VI of U.S. Constitution.

In Complaint ¶ 4, Plaintiff quotes Article VI of U.S. Constitution.

"the Constitution and the Laws of the United States which shall be made Pursuant thereof … **shall be the Supreme Law of the Land; and the <u>Judges in every state shall be bound</u> thereby, <u>any thing in the Constitution or Laws of any State to the Contrary notwithstanding</u>.**"

The Plaintiff fails to sufficiently allege a deprivation of a constitutional right.  As a result, Plaintiff's Complaint ¶ 4 should be dismissed.

> ### e.      The Due Process Clause Of The Fifth Amendment Is Inapplicable Where There Is No Federal Defendant

Plaintiff claims his right to due process of law afforded him by the Fifth Amendment of the United States Constitution was violated when he was denied a gun permit.

The Fifth Amendment due process clause incorporates the principles of equal justice under the law, applicable to the federal government, and prohibits the Federal Government from engaging in discrimination that is "so unjustifiable as to be violative

of due process." <u>Boiling v. Sharpe</u>, 347 U.S. 497, 499 (1954); <u>Lung v. Castillo</u>, 477 U.S. 635, 636 n. 2 (1986).

There is no federal defendant in this case. The Fifth Amendment's Due Process Clause does not apply to the States and is therefore inapplicable. <u>See Castillo v. McFadden</u>, 399 F.3d 993, 1002 n. 5 (9th Cir. 2005)(noting that the Fifth Amendment's Due Process Clause prohibits the federal government from depriving persons of due process of law). Even if Plaintiff's Fifth Amendment due process claim is considered, the result is the same as the result reached under the Fourteenth Amendment due process analysis below. Plaintiff's right to due process has not been violated by the enforcement of HRS Chapter 134.

The applicable legal standards under the Fifth Amendment's equal protection component are the same as the legal standards under the Fourteenth Amendment equal protection clause. <u>Schweiker v. Wilson</u>, 450 U.S. 221, 226 n. 6 (1981) ("[T]he Fifth Amendment imposes on the Federal Government the same standard required of state legislation by the Equal Protection Clause of the Fourteenth Amendment.").

Here, the rational basis standard is appropriate because the Second Amendment does not guarantee a fundamental individual right to bear arms. <u>Lewis v. United States</u>, 445 U.S. 55, 65 n. 8 (1980) ("These legislative restrictions on the use of firearms are neither based upon constitutionally suspect criteria, nor do they trench upon any constitutionally protected liberties.") (citing <u>Miller</u>, 307 U.S. at 178 (the Second

Amendment does not guarantee the right to bear a firearm that does not have "some reasonable relationship to the preservation or efficiency of a well regulated militia")). As stated below, the statutory law of HRS 134 is rationally related to the legitimate government interest in public welfare and safety. State v. Mendoza, 82 Hawaii 143, 154, 920 P.2d 357, 368 (1996) ("[R]equiring a person to obtain a permit under HRS § 134-2 prior to acquiring a firearm is rationally related to the legitimate government…") Dismissal of Plaintiff's claims for violation of the due process clause of the Fifth Amendment to the United States Constitution is warranted.

> **f.    Plaintiff Lacks Standing To Challenge HRS Chapter 134 On The Basis Of An Alleged Deprivation Of Ninth Amendment Rights**

The Ninth Amendment provides that: "The enumeration in the Constitution of certain rights shall not be construed to deny or disparage others retained by the people." U.S. Const, amend. IX.  The Ninth Circuit Court of Appeals has held that the Ninth Amendment does not guarantee an individual right to bear arms:

> We join our sister circuits in holding that the Ninth Amendment does not encompass an unenumerated, fundamental, individual right to bear firearms.

San Diego County Gun Rights Committee v. Reno, 98 F.3d 1121, 1125 (9th Cir. 1996) (citations omitted).

Plaintiff does not have standing to challenge HRS Chapter 134 on the basis of an alleged deprivation of Ninth Amendment rights.  Plaintiff's claims alleging a violation of his Ninth Amendment rights, Compl. ¶ 6, do not state a cause of action.

315534_2.DOC

g.   **Plaintiff's Fourteenth Amendment Claims**

1.   **Plaintiff's Equal Protection Claim Under The Fourteenth Amendment Is Without Merit**

While Plaintiff's Complaint is confusing at best, it appears he is alleging a Fourteenth Amendment equal protection claim.  Plaintiff asserts that because he has the fundamental individual right to bear arms, and he considers this right to have been recognized by the Fifth Circuit Court[9], his civil right to equal protection guaranteed by the Fourteenth Amendment has been violated by the enforcement of HRS Chapter 134, and by the Ninth Circuit Court of Appeal's holding that there is no fundamental individual right to bear arms.

The Equal Protection Clause of the Fourteenth Amendment commands that no State shall "deny to any person within its jurisdiction the equal protection of the laws." Plyler v. Doe, 457 U.S. 202, 216 (1982).

As discussed above, the Supreme Court and Ninth Circuit Court of Appeals has held that the Second Amendment does not confer on individual citizens a fundamental right to bear arms, and that a statute restricting firearm possession does not burden the

---

[9]   United States v. Emerson, 270 F.3d 203, 260 (5th Cir. 2 001)("We find that . . . the Second Amendment . . . protects individual Americans in their right to keep and bear arms whether or not they are a member of a select militia or performing active military service or training. . . .  We hold, consistent with Miller, that [the Second Amendment] protects the right of individuals, including those not then actually a member of any militia or engaged in active military service or training, to privately possess and bear their own firearms . . .that are suitable as personal, individual weapons….").

exercise of a fundamental right. United States v. Hancock, 231 F.3d 557, 565-566 (9th Cir. 2000). A challenge, under an equal protection claim, to a statute affecting a non-fundamental right is reviewed under the rational basis standard. Id.

Applying the rational basis standard, Courts "presume legislation is valid and will sustain it if the classification drawn by the statute is rationally related to a legitimate [governmental] interest." City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 440(1985), cert. denied. 519 U.S. 1149 (1997). Plaintiff has the burden of proving that the classification is wholly arbitrary and irrational, See Id., "and that it cannot conceivably further a legitimate governmental interest." United States v. Phelps, 17 F.3d 1334, 1345 (10th Cir.), cert. denied, 513 U.S. 844 (1994).

Here, the statutes comprising HRS Chapter 134 are rationally related to the legitimate government interest in public welfare and safety. Complying with the requirements of HRS § 134-6, before Plaintiff is issued a license to carry a gun on his person, is rationally related to the legitimate government interest in public welfare and safety.

The Hawaii Supreme Court, in the case of State v. Mendoza, held that the requirements of HRS Chapter 134 bear a rational relationship to a legitimate government interest, stating:

> We believe that requiring a person to obtain a permit under HRS § 134-2 prior to acquiring a firearm is rationally related to the legitimate government interest of ensuring that only those who are mature, law abiding, competent citizens possess firearms.

State v. Mendoza, 82 Hawaii 143, 154, 920 P.2d 357, 368 (1996).

The United States Supreme Court, in the case of Robertson v. Baldwin,

recognized that the Second Amendment right to keep and bear arms is not infringed by

laws prohibiting the carrying of concealed weapons.  Robertson v. Baldwin, 165 U.S.

275, 281-82 (1897)("the right of the people to keep and bear arms (article 2) is not

infringed by laws prohibiting the carrying of concealed weapons").  Plaintiff's equal

protection claim under the Fourteenth Amendment is without merit.

### 2.   HRS Chapter 134 Does Not Violate the Privileges or Immunities Clause of the Fourteenth Amendment

In Compl. ¶ 7 of the Complaint, Plaintiff appears to claim that the enforcement

of HRS Chapter 134 violates the privileges and immunities clause of the Fourteenth

Amendment to the United States Constitution.

Article IV, Sec. 2, of the Constitution provides that "the Citizens of each state

shall be entitled to all Privileges and Immunities in the several States".  The Supreme

Court has held it is "only with respect to those 'privileges and immunities' bearing on

the vitality of the Nation as a single entity that a State must accord residents and non

residents equal treatment."  Supreme Court of New Hampshire v. Piper, 470 U.S. 274,

279 (1985).  The Complaint must set forth facts showing interference with a right of

national citizenship in order to state a claim for violation of the privileges and

immunities clause.  Russell v. Hug, 275 F.3d 812, 821-22 (9th Cir. 2002).  The

315534_2.DOC

24

Complaint must allege that Plaintiff has been treated differently from other residents of Hawaii on such a ground. "Discrimination on the basis of out-of-state residency is a necessary element for a claim under the Privileges and Immunities Clause." Giannini v. Real, 911 F.2d 354, 357 (9th Cir. 1990) (citation omitted). Cf. Paciulan v. George, 229 F.3d 1226, 1229 (9th Cir. 2000)(rejecting a Privileges or Immunities argument in a case in which plaintiffs, who were residents of California, were treated no differently from any other residents of California.)

Plaintiff asserts that HRS Chapter 134 interferes with a right of national citizenship because it restricts the right to carry firearms. Plaintiff's claim is without merit. There is no fundamental individual right to bear arms. See Hickman, 81 F.3d at 101-102; Silveira, 312 F.3d at 1066-1067. The alleged individual right to bear arms is not a right of national citizenship. Neither does the Complaint allege that Plaintiff, a resident of Hawaii, was treated differently from other Hawaii residents. The absence of an impermissible interference with a right of national citizenship is fatal to Plaintiff's claim of a violation of the privileges and immunities clause.

### 3. The Complaint Fails To State A Claim For Violation Of The Fourteenth Amendment Due Process Clause

Plaintiff contends that the enforcement of HRS 134-9 violates Plaintiff's individual right to carry a gun and his right to due process under the Fourteenth Amendment of the United States Constitution. (Dec. 2, 2008 Compl., page 13).

The Fourteenth Amendment protects against the deprivation of property or liberty without due process. See Carey v. Piphus, 435 U.S. 247, 259 (1978); See also Brady v. Gebbie, 859 F.2d 1543, 1547 (9th Cir. 1988). There are two steps in determining whether due process rights have been violated by the actions of a government official. First, it is determined whether a liberty or property interest exists entitling a plaintiff to due process protections. If a constitutionally protected interest is established, a three part balancing test is employed to determine what process is due. Hewitt v. Grabicki, 794 F.2d 1373, 1380 (9th Cir. 1986).

The Court decides the constitutionality of a statute, challenged on procedural due process grounds, only as it applies to the particular facts at hand. Plaintiff must prove that HRS §§ 134-6 and 134-9 adversely affect a protected interest under the facts of the case. "A procedural due process challenge to the validity of [a statute] cannot proceed in the abstract." Thalheim v. Greenwich, 256 Conn. 628, 648 (2001). "A claim that a statute fails, on its face, to comport with the constitutional requirements of procedural due process reflects a fundamental misunderstanding of the law of due process. Due process is inherently fact-bound because due process is flexible and calls for such procedural protections as the particular situation demands.... The constitutional requirement of procedural due process thus invokes a balancing process that cannot take place in a factual vacuum." Sassone v. Lepore, 226 Conn. 773, 779, 629 A.2d 357 (1993).

315534_2.DOC

The United States Supreme Court, in the case of <u>Mathews v. Eldridae</u>, set forth a three part balancing test for analysis of an individual's constitutional entitlement to a particular judicial or administrative procedure.  First, the private interest that will be affected by the official action.   Second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards.  Third, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.  <u>Mathews v. Eldridae</u>, 424 U.S. 319, 335 (1976).

Here, Hawaii's statutory procedures for securing a license to carry a weapon, as set forth in HRS Chapter 134, do not implicate defendant's liberty or property interests as there is no fundamental individual right to bear arms.  <u>See</u> <u>Hickman</u>, 81 F.3d at 101-102; <u>Silveira</u>. 312 F.3d at 1066-1067.  The State of Hawaii has a legitimate interest in maintaining public safety through the regulation of who can carry a weapon in the community.   <u>See</u> <u>Mendoza</u>, 82 Hawai'i 143, 154, 920 P.2d 357, 368 (1996).

The statutes comprising HRS Chapter 134 are rationally related to the governmental interest in the community's safety.

The Complaint alleges Plaintiff did receive an administrative review of his applications.  Plaintiff applied for the third time for his permit, had the application reviewed, and was denied for failure to state an exceptional need to carry a weapon.

315534_2.DOC

(Dec. 2, 2008 Compl., page 16).  Having no fundamental liberty interest in carrying a weapon, Plaintiff was not subject to an unreasonable risk of erroneous deprivation of his civil rights.  "The fundamental requisite of due process of law is the opportunity to be heard [which] must be at a meaningful time and in a meaningful manner...."  Goldberg v. Kelly, 397 U.S. 254, 267-68 (1970) (citations and internal quotation marks omitted).  The Complaint fails to state a claim on which relief may be granted for violation of Plaintiff's due process rights guaranteed by the Fourteenth Amendment, and dismissal of the claim is warranted.

**D.    Plaintiff's §§ 1985 and 1986 Claims Are Precluded By Plaintiff's Failure To Allege A § 1983 Violation**

Plaintiff sues pursuant to §§ 1985 and 1986, as well as § 1983.  Under § 1985, claims may be brought for conspiracy to violate a citizen's § 1983 civil rights.  The conspiracy claim is based solely upon allegations which, as discussed above, were insufficient to state a claim for deprivation of a federal right under § 1983.  The insufficiency of the allegations to support a § 1983 deprivation of rights precludes a § 1985 conspiracy claim predicated on the same allegations.  Dooley v. Reiss, 736 F.2d 1392, 1395 (9th Cir.), cert. denied, 469 U.S. 1038 (1984)(absence of section 1983 deprivation implies failure to state conspiracy claim); Cassettari v. Nevada County, Cal., 824 F.2d 735, 739 (9th Cir. 1987).

Plaintiff alleges that Defendants violated 42 U.S.C. § 1986.  As stated above, the Complaint fails to sufficiently allege a claim under 42 U.S.C. § 1985.  The insufficiency

of the § 1985 cause of action precludes the cause of action brought pursuant to § 1986.

White v. Pacific Media Group, Inc., 322 F.Supp. 2d 1101, 1112 (D. Hawaii 2004).

Plaintiff's §§ 1985 and 1986 causes of action should be dismissed.

## V.   **CONCLUSION**

Based on the foregoing, the State respectfully request that the Complaint

against them be dismissed with prejudice.

DATED: Honolulu, Hawaii, January 2, 2009.

> STATE OF HAWAII
> MARK J. BENNETT
> Attorney General
>
>
> JAROD J. BUNA
> Deputy Attorney General
>
>
> Attorney for Defendants
> MARK BENNETT, in his Individual
> Capacity, and STATE OF HAWAII