IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| GEORGE K. YOUNG, JR.,                  ) | CV. NO. 08-00540 DAE-KSC |
|                                                               ) | |
| Plaintiff,              ) | |
|                                                               ) | |
| vs.                                                        ) | |
|                                                               ) | |
| STATE OF HAWAII; MARK       ) | |
| BENNETT in his Individual         ) | |
| Capacity; COUNTY OF HAWAII; ) | |
| LAWRENCE K. MAHUNA in his ) | |
| individual capacity; JOHN DOES 1- ) | |
| 15; JANE DOES 1-25;                    ) | |
| CORPORATIONS 1-5; and DOE   ) | |
| ENTITIES 1-5,                                ) | |
|                                                               ) | |
| Defendants.         ) | |
| _____ ) | |

ORDER GRANTING DEFENDANTS MARK BENNETT
AND STATE OF HAWAII'S MOTION TO DISMISS

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing.  After reviewing Defendants' motion and the supporting and opposing memoranda, the Court GRANTS Defendants Mark Bennett and State of Hawaii's Motion to Dismiss.  (Doc. # 10.)

## BACKGROUND

Plaintiff, proceeding pro se, filed a complaint on December 2, 2008. Plaintiff alleges violations of his Second Amendment right to bear arms and his Fourteenth Amendment Due Process rights pursuant to 42 U.S.C. §§ 1983, 1985, and 1986. Plaintiff's claims relate to the alleged denial of his application for a permit to carry a firearm pursuant to Hawaii Revised Statute Chapter 134, sections 134-7 and 134-9. Plaintiff also alleges that the statutes constitute an unconstitutional bill of attainder, that his equal protection rights were violated, and his Ninth Amendment rights were violated.

Hawaii Revised Statute section 134-9 provides in part that:

(a) In an exceptional case, when an applicant shows reason to fear injury to the applicant's person or property, the chief of police of the appropriate county may grant a license to an applicant . . . to carry a pistol or revolver and ammunition therefor concealed on the person within the county where the license is granted. Where the urgency or the need has been sufficiently indicated, the respective chief of police may grant to an applicant of good moral character . . . is engaged in the protection of life and property, and is not prohibited under section 134-7 from the ownership or possession of a firearm, a license to carry a pistol or revolver and ammunition therefor unconcealed on the person within the county where the license is granted. The chief of police of the appropriate county, or the chief's designated representative, shall perform an inquiry on an applicant by using the National Instant Criminal Background

> Check System, to include a check of the Immigration and Customs Enforcement databases where the applicant is not a citizen of the United States, before any determination to grant a license is made.
> . . .
> (c) No person shall carry concealed or unconcealed on the person a pistol or revolver without being licensed to do so under this section or in compliance with sections 134-5(c) or 134-25.

Plaintiff asserts that he is an honorably retired military combat veteran. Plaintiff claims that on July 14, 2008, he requested a permit to carry a firearm, either concealed or unconcealed, for purposes of self defense. Plaintiff states that Defendant Chief of Police, Lawrence Mahuna, responded that pursuant to Hawaii Revised Statute section 134-9, Plaintiff had not demonstrated he should be allowed to carry a concealed firearm. Plaintiff argues that the statute gives the police chief unfettered discretionary power in the granting of a license. Plaintiff seeks a declaration that Hawaii Revised Statute Chapter 134 violates the Second Amendment, and deprives him of equal protection of the laws under the Fourteenth Amendment. Plaintiff also seeks a permanent injunction barring enforcement of the statute, and requests that the statute be reworded. Plaintiff also seeks $2,000,000 for physical and emotional distress. Plaintiff further requests punitive damages for harm to his credibility and reputation.

Plaintiff previously filed a similar complaint in a case that was assigned to Chief Judge Helen Gillmor, Young v. Hawaii, 548 F. Supp. 2d 1151 (D. Haw. 2008) (the "Previous Action"). In that case, Plaintiff sued the State of Hawaii, the Governor, Mark Bennett in his official capacity, the County of Hawaii, the Mayor of the County of Hawaii, the Hilo County Police Department, and Lawrence Mahuna, in his official capacity. Plaintiff brought the same claims, alleging constitutional violations based upon the denial of his applications to carry a firearm pursuant to Hawaii Revised Statute Chapter 134. Plaintiff alleged he had made applications for a permit on February 9 and March 5, 2007. Id. at 1158.

Judge Gillmor held that Plaintiff's claims against the State of Hawaii and Mark Bennett in his official capacity were barred by the doctrine of sovereign immunity. Id. at 1158, 1162-64. Judge Gillmor also held that Hawaii Revised Statute Chapter 134 and section 134-9 was constitutional and enforcement of the statute did not violate Plaintiff's civil rights. Id. at 1163. In addition, Judge Gillmor found that Plaintiff did not have standing to bring his claim that the statute violated his Second Amendment right because only the federal government was bound by the Second Amendment. Id. at 166-68. Judge Gillmor likewise held that Plaintiff did not have standing to assert a deprivation of Ninth Amendment rights. Id. at 1168.

Judge Gillmor further concluded that Plaintiff's equal protection claim lacked merit because the statute was rationally related to a legitimate government interest. Id. at 1169-70. Judge Gillmor determined that Plaintiff's Fourteenth Amendment claims lacked merit because there is no fundamental right of a particular individual to bear arms under any circumstance. Id. at 1170-71. In addition to other holdings, Judge Gillmor held that Chapter 134 was not an impermissible bill of attainder because there was no intent to punish. Id. at 1174. Finally, Judge Gillmor found that Plaintiff's 42 U.S.C. section 1985 and 1986 claims were precluded by Plaintiff's failure to allege a section 1983 violation. Id. at 1174-75. Judge Gillmor dismissed Plaintiff's claims with prejudice and judgment was entered on March 12, 2008. Id.

Defendants Mark Bennett and the State of Hawaii filed the instant motion to dismiss on January 2, 2009. (Doc. # 10.) Plaintiff, pro se, filed two memoranda in opposition on January 12, 2009. (Docs. ## 14, 15.) Defendants County of Hawaii and Lawrence Mahuna filed a statement of no opposition to the motion to dismiss. Defendants Mark Bennett and the State of Hawaii filed a reply on February 12, 2009. Without seeking leave of Court, Plaintiff filed another memorandum in support of his opposition on March 9, 2009. (Doc. # 30.)

## STANDARD OF REVIEW

A motion to dismiss will be granted where the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Review is limited to the contents of the complaint. Clegg v. Cult Awareness Network, 18 F.3d 752, 754 (9th Cir. 1994). Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the plaintiff. Livid Holdings Ltd. v. Salomon Smith Barney, Inc., 416 F.3d 940, 946 (9th Cir. 2005). A complaint does not need to include detailed facts to survive a Rule 12(b)(6) motion to dismiss. Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965. (2007). However, in providing grounds for relief, a plaintiff must do more than recite the formulaic elements of a cause of action. Id. at 1966. The plaintiff must include enough facts to raise a reasonable expectation that discovery will reveal evidence. In other words, the plaintiff must allege enough facts to state a claim for relief that is plausible on its face. Id. at 1974. "[C]onclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim." McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988).

When a plaintiff appears pro se, the court has an obligation to construe the plaintiff's complaint liberally. See Bernhardt v. Los Angeles County, 339 F.3d 920, 925 (9th Cir. 2003); Jackson v. Carey, 353 F.3d 750, 757 (9th Cir.

2003) (same).  Pro se plaintiffs in a civil rights action must be afforded the benefit of any doubt.  See Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988). "A pro se litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'"  Id.  (quoting Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superceded by statute, Lopez v. Smith, 203 F.3d 1122, 1126-30 (determining that a district court retains its discretion to dismiss a pro se prisoner's in forma pauperis complaint with or without leave to amend under the Prisoner's Litigation Reform Act)).  "[B]efore dismissing a pro se civil rights complaint for failure to state a claim, the district court must give the plaintiff a statement of the complaint's deficiencies."  Id.

## DISCUSSION

Defendants State of Hawaii and Mark Bennett argue that Plaintiff's claims are barred by the doctrine of collateral estoppel or issue preclusion.[1]

"'Collateral estoppel, or issue preclusion, bars the relitigation of issues actually adjudicated in previous litigation between the same parties.'" Kamilche Co. v. United States, 53 F.3d 1059, 1062 (9th Cir. 1995) (quoting Clark

---

[1] In the alternative, Defendants seek dismissal on the basis that the State of Hawaii is immune from suit and that Plaintiff cannot state a claim against Mark Bennett for all the reasons set forth by Judge Gillmor.

v. Bear Stearns & Co., 966 F.2d 1318, 1320 (9th Cir. 1992)), amended on rehearing, 75 F.3d 1391 (9th Cir. 1996). "[T]he doctrine of collateral estoppel can apply to preclude relitigation of both issues of law and issues of fact if those issues were conclusively determined in a prior action." United States v. Stauffer Chem. Co., 464 U.S. 165, 170-71 (1984). "The party asserting collateral estoppel must first show that the estopped issue is identical to an issue litigated in a previous action. In addition, '[i]n order for collateral estoppel to apply, the issue to be foreclosed in the second litigation must have been litigated and decided in the first case.'" Kamilche, 53 F.3d at 1062 (quoting Starker, 602 F.2d at 1344) (other citation omitted); see also Durkin v. Shea & Gould, 92 F.3d 1510, 1515-16 (9th Cir. 1996) (collateral estoppel requires "a final judgment on the merits").

> A decision by a federal court has preclusive effect where
>
> (1) the issue necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the first proceeding.

Hydranautics v. FilmTec Corp., 204 F.3d 880, 885 (9th Cir. 2000).

Here, the only differences between the instant case and the Previous Action are that Plaintiff reapplied for a gun permit for the same reason and was

again denied on the same basis, and Plaintiff has named Mark Bennett and Lawrence Mahuna in their individual capacities, rather than their official capacities. The claims that Plaintiff brings in the instant action are otherwise identical to the claims brought in the Previous Action. Plaintiff did not allege any additional or new facts showing that he complied with the previous request that he demonstrate that he should be allowed to carry a firearm under Hawaii Revised Statute Chapter 134. Plaintiff has not alleged any new or different causes of action.

The Previous Action ended with a decision on the merits as to each cause of action. Indeed, Judge Gillmor issued a 42-page decision addressing each of Plaintiff's causes of action and arguments made in his memorandum in opposition in detail. Plaintiff's claims were dismissed with prejudice and judgment was entered in favor of defendants State of Hawaii and Mark Bennett, and all other defendants. Finally, the party against whom collateral estoppel is being asserted is Plaintiff, and he was the plaintiff in the Previous Action. Therefore, Plaintiff's claims are barred by the doctrine of collateral estoppel.

The Supreme Court's decision in District of Columbia v. Heller, 128 S. Ct. 2783 (2008), which was issued after Judge Gillmor's decision in the Previous Action, does not impact Judge Gillmor's decision on Plaintiff's Second

9

Amendment claims. The <u>Heller</u> case is distinguishable because it involved a law passed by a federal enclave, not a state, and the law was a complete ban on the possession of handguns in the home, not on carrying a gun on one's person.

Specifically, in <u>Heller</u>, the District of Columbia passed a law that totally banned the possession of handguns in a home. <u>Id.</u> at 2817. The Supreme Court found that the Second Amendment conferred a limited right to individuals to keep and bear arms. <u>Id.</u> 2799. The Supreme Court determined that the statute at issue was unconstitutional because it completely banned the keeping and using of the most preferred class of arms from the home, where the need for self-defense and property defense is most acute, and the statute did not provide an exception for self-defense. <u>Id.</u> at 2817-18. The Supreme Court also reaffirmed that the Second Amendment is neither applicable nor binding on the States. <u>Id.</u> at 2812-13.

Unlike the statute at issue in <u>Heller</u>, Hawaii Revised Statute Chapter 134 is a State statute, not a statute passed by a federal enclave. Indeed, in determining that Plaintiff did not have standing to challenge Hawaii Revised Statute Chapter 134 on the basis of an alleged violation of the Second Amendment, Judge Gillmor relied upon <u>United States v. Cruikshank</u>, 92 U.S. 542, 553 (1876), <u>Presser v. Illinois</u>, 116 U.S. 252, 264-65 (1886), and <u>United States v. Miller</u>, 307 U.S. 174, 178 (1939). <u>Young</u>, 548 F. Supp. at 1167. Judge Gillmor held that those

cases made it "clear that the Second Amendment binds only the national government" and therefore, Chapter 134 did not violate Plaintiff's Second Amendment rights  Id.  The Supreme Court in Heller noted that

> [w]ith respect to Cruikshank's continuing validity on incorporation, a question not presented by this case, we note that Cruikshank also said that the First Amendment did not apply against the States and did not engage in the sort of Fourteenth Amendment inquiry required by our later cases. Our later decisions in Presser v. Illinois, 116 U.S. 252, 265, 6 S. Ct. 580, 29 L. Ed. 615 (1886) and Miller v. Texas, 153 U.S. 535, 538, 14 S. Ct. 874, 38 L. Ed. 812 (1894), reaffirmed that the Second Amendment applies only to the Federal Government.

Id. at 2813 n.23.  Accordingly, Heller did not overrule the longstanding precedent that states are not bound by the Second Amendment.

In addition, Chapter 134 pertains only to the carrying of weapons on one's person and does not constitute a complete ban to the carrying of weapons or pertain to possessing weapons in one's home, and it provides an exception for those who can establish a fear of injury.  Accordingly, Heller is not applicable to the instant case and does affect this Court's finding that Plaintiff's claims are barred by the doctrine of collateral estoppel.  See People v. Abdullah, 870 N.Y.S.2d 886, 887 (N.Y. City Crim. Ct. 2008) ("Because New York does not have a complete ban on the possession of handguns in the home and because the District

of Columbia is a federal enclave and not a State, Heller is distinguishable and its holding does not invalidate New York's gun possession laws or regulations.").

Even though Plaintiff sued Mark Bennett only in his official capacity in the Previous Action, his claims against Mark Bennett in his individual capacity are barred by the doctrine of collateral estoppel because, as set forth by Judge Gillmor, Plaintiff cannot establish a violation of his constitutional rights, which is a necessary prerequisite for actions brought pursuant to 42 U.S.C. § 1983. Indeed, in order to bring a cause of action against an official in their individual capacity, a plaintiff must establish that their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." Pearson v. Callahan, 129 S. Ct. 808, 815 (2009) (citation omitted). Judge Gillmor already decided that Plaintiff did not have standing to bring some of his claims and could not prove a violation of his constitutional rights with respect to his other claims. Suing Mark Bennett in his individual capacity, rather than his official capacity, does not change the fact that Plaintiff cannot prove the underlying alleged constitutional violation.

For these reasons, Plaintiff's causes of action against the State of Hawaii and Mark Bennett are barred by the doctrine of collateral estoppel.[2]

Because it is clear that no amendment to the complaint could cure the application of collateral estoppel, Plaintiff will not be granted leave to amend his complaint with respect to Defendants State of Hawaii and Mark Bennett.

CONCLUSION

For the reasons stated above, the Court GRANTS Defendants Mark Bennett and State of Hawaii's Motion to Dismiss.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 1, 2009.



David Alan Ezra
United States District Judge

Young v. State of Hawaii, et al., CV No. 08-00540 DAE-KSC; ORDER GRANTING DEFENDANTS MARK BENNETT AND STATE OF HAWAII'S MOTION TO DISMISS

---

[2] This Court notes that even if Plaintiff's claims were not barred by the doctrine of collateral estoppel, his claims against the State of Hawaii are barred by the Eleventh Amendment. See Young, 548 F. Supp. 2d at 1161-62; see also Will v. Mich. Dep't of State Police, 491 U.S. 58, 66 (1989); Frew ex. rel. Frew v. Hawkins, 540 U.S. 431, 437 (2004); Linville v. State of Hawai`i, 874 F. Supp. 1095 (D. Haw. 1994).